43791. BEALL et al. v. LEITZSEY DISTRIBUTORS, INC.

PANNELL, Judge. A petition was filed in February 1966, in Laurens Superior Court by Leitzsey Distributors, Inc., against Virgil E. Beall, R. B. Bryan, Jr., and Leslie Webb as partners doing business as Wrightsville Model Raceway, Sandersville Model Raceway, and Milledgeville Model Raceway, alleging Beall was a resident of Laurens County and the other defendants residents of Johnson County. Attached to the petition were statements of account against each of the respective businesses on which was written "Post to B. W. B." All the defendants were duly served. The defendant Bryan filed what he termed a plea to the jurisdiction claiming (1) he was not a member of the partnership and therefore the court had no jurisdiction of his person, and (2) that the three raceways were the property of B. W. B. Corporation, Inc., in that Bryan was not liable for any debt owed by such corporation. The plaintiff dismissed Bryan as a defendant and in the absence of any pleadings or answers by the other defendants, the judgment by default was entered on February 23, 1967, for the sum sued for with interest.

Subsequently, on August 28, 1967, Beall and Webb filed a petition against Leitzsey Distributors, Inc., seeking to set aside the judgment and setting forth as grounds thereof (1) that there was no partnership, (2) the debt was a debt of B. W. B. Corporation, Inc., and that Leitzsey Distributors, Inc., so recognized and ratified the debt as that of B. W. B. Corporation, Inc., by writing on the statement of account the words "Post to B. W. B.," and by accepting payments on the account by checks drawn on the account of B. W. B. Corporation, Inc., (3) that the obtaining of a judgment against Beall and Webb when Leitzsey Distributors, Inc., knew the account was a debt of B. W. B. Corporation, Inc., was a fraud on the court, and (4) there was no evidence introduced to prove the account. The trial judge dismissed this petition

to set aside the judgment basing his ruling upon several grounds. Beall and Webb appealed, enumerating this ruling as error. *Held:*

1. Whether treated as a separate petition, or as a motion to set aside the judgment, all the matters alleged (except as to the lack of proof of the account) are matters which should have been pleaded in the first suit, or main case, and appellants are bound by the judgment obtained therein insofar as these grounds asserted in their motion, or petition, are concerned. The trial court did not err in so holding.

2. Treating the petition as a motion for new trial, so as to reach the questions of lack of proof, it was filed too late and there was no error in dismissing the same as to this particular.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

Submitted July 3, 1968—Decided September 3, 1968.

*Joe W. Rowland,* for appellants.
*Stephen Pace, Jr.,* for appellee.